Casey, C. J.,
delivered the opinion of the court:
The claimant for many years was the owner of a cotton plantation, in Tensas parish, State of Louisiana. Before 1853 he had resided at. Natchez, in the State of Mississippi. In that year he removed to the city of New York. He retained his plantation in Louisiana, and conducted its operations by means of an overseer. In August, I860, he-took out his passports to sail for Europe, but was prevented by sickness in his family and the death of a brother from, going,, until the *402 26lh April, 1861. He remained abroad until tbe autumn of 1864, wben he returned to Néw York, where he still resides.
When about to sail for Europe, and just at the breaking out of the war, he procured his brother-in-law, William Poyntell, to go to Louisiana to assist in the care and superintendence of his estates there. Mr. Poyntell remained there until aft'er the return of Mr. Turner, in December, 1864.
Some time during the war the confederate authorities visited the plantation and burned about a thousand bales of cotton belonging to the claimant, who was considered and treated by them as an alien enemy.
The property, the proceeds of which are claimed in this suit, consisted of 68 bales and 22 bags of ginned cotton, raised upon the claimant’s plantation, and which was concealed to prevent its destruction by the confederates. When the district of country in which it was situated fell into the hands of the national forces, they seized this cotton as abandoned property, and by the military it was turned over to the treasury agent, and by him sold, and the net proceeds have been paid into the treasury of the United States.
The following is the return of the treasury agent who made the sale:
Statement of sales of 80 bales cotton, lot [ v] 39, shipped by John A. McDowell, assistant special agent at Vicksburg, to W. R. Mellen, supervising special agent, first agency, Treasury Department, and by Mm sold at Cincinnati, 20th of June, 1864:
[v] 39. 68 bales sold J. H. Warner — 27,086—99. $26,815 14
12 bales rebaled from 22 bags netted [4,596.]
CHARGES.
Charges at Vicksburg. $963 24
Charges at Cairo. - 40 00
Freight to Cairo for J. H. Duhey, at $12 per bale. 960 00
Freight to Cincinnati, at $3 per bale. 240 00
One-tenth per cent, duty on auction sales. 26 81
Custom-house fees on 31,682 pounds. 1,267 28
Addy Hull, and for storage and insurance. 203 50
City weigher. 4 42
One and a half per cent, to cover incidental expenses... 402 22
- 4,107 47
22,707 67
Internal revenue reserved 2 per cent. 633 ^4
Net proceeds. 22,074 03
*403 That it was the property of the claimant is clearly and distinctly proved; as little doubt exists of the loyalty of the claimant. He had for a good many years before the war given up his residence in the south; he was at its commencement a citizen and resident of the State of New York; all the presumptions, therefore, were in his favor, as they are against those resident in the insurrectionary districts. But apart from this, he has proved his positive and actual loyalty by the best and clearest evidence. Hon. Robert J. Walker, to whom he is related by marriage, swears that he has known him well and intimately for more than thirty years ; that in all that time he was consistently opposed to nullification and secession; that he saw him on the day he sailed from New York for Europe, in 1861, and again several times in Europe in 1863 and 1864, and that in all his actions and sentiments during the entire war he was consistently and uniformly loyal. This testimony is corroborated by the evidence of Dr. Stephen Duncan, who had known the claimant forty years. -All this is sustained by a number of other witnesses, and also by the fact that his plantation, which had been seized and the property on it, was restored to him by the Secretary of the Treasury because his loyalty was undoubted, and because the property had not been abandoned, and was not subject to capture within the meaning of the acts of Congress.
After the action was brought by the claimant and the case prepared for trial, James M. Haworth made application to this court, setting forth that he was the legal trustee of Clark, Wright & Co., loyal citizens, and that Clark, Wright & Co., were the legal bona fide owners of the property, the proceeds of which were claimed by Turner in this case, and praying that they might be made parties to the suit by inter-pleader, and thereby be allowed to prove their ownership of the property and their right to the proceeds. Upon the hearing of the respective claimants we allowed the interpleader, and Mr. Haworth filed his petition in March, 1867.
The testimony presented in this record leaves' no doubt that this property belonged to Mr. Turner. It was cotton grown upon his plantation, which he had owned for more than forty years. His title to it was undisputed and indisputable. His loyalty is not only not impeached by any proof, but is sustained by the clearest and strongest testimony.
So far as Mr. Haworth or those he represents are concerned, they have failed to show a spark of right or title to this property, or its proceeds.
*404 We therefore, upon full consideration of the premises, do order, adjudge, and decree that the said James M. Haworth, trustee, &c., take nothing by his petition, and that the United States, as well as the said George W. Turner, go thereof without day, and that the said petition be dismissed.
And it is further considered, adjudged, and decreed that the said George W. Turner be awarded the sum of $22,074 03, being the net proceeds of the property claimed in this suit, now in the treasury of the United States, and that the same be certified to the Secretary of the Treasury for payment, &e.